

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00542-CV

Mark Patrick **GANSERT**,
Appellant

v.

**GATES OF CAPERNUM APARTMENTS LP** d/b/a Cable Ranch,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-05105
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori I. Valenzuela, Justice
Velia J. Meza, Justice

Delivered and Filed: July 22, 2026

JUDGMENT VACATED; DISMISSED AS MOOT

Appellant Mark Patrick Gansert appeals the trial court's final agreed judgment in a forcible detainer case awarding possession of an apartment Gansert leased from appellee Gates of Capernum Apartments LP d/b/a Cable Ranch ("Cable Ranch"). *See generally* TEX. PROP. CODE ANN. §§ 24.002–.011 (addressing procedure for forcible detainer actions). We vacate the trial court's final judgment and dismiss this appeal as moot.

"The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. R. CIV. P. 510.6(f). "A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful." *Herrmann v. Credit Union of Tex.*, No. 04-25-00209-CV, 2025 WL 2235001, *1 (Tex. App.—San Antonio Aug. 6, 2025, pet. denied) (mem. op.) (citing *Marshall*, 198 S.W.3d at 787). An appeal for a judgment of possession in a forcible detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 787; *see also* TEX. PROP. CODE ANN. § 24.007 (pending appeal, an appellant must file a supersedeas bond within ten days of the signing of the judgment to stay a forcible detainer action). When the issue of possession becomes moot, we will "vacate the trial court's judgment[] and dismiss the case as moot." *Id*. at 790.

Here, the record shows that, after the justice court issued judgment awarding possession of the property to Cable Ranch, Gansert filed a notice of appeal to the county court. Gansert then filed a counterclaim. Subsequently, during a July 3, 2025 hearing, the parties reached an agreement to dismiss their claims against each other, including Cable Ranch's eviction suit and request for attorney's fees, and Gansert's counterclaims. Cable Ranch also agreed to allow Gansert until July 31 to vacate the apartment—a month after the expiration of his lease term. Gansert and Velma Lott, on behalf of Cable Ranch, testified corroborating the agreement. Based on the parties' request and agreement, the trial court reset the case for a compliance hearing on August 8, 2025.

At the August 8, 2025 compliance hearing, Cable Ranch requested the trial court sign the final agreed judgment because Gansert still occupied the property despite Cable Ranch's efforts to

assist him in moving. To the contrary, Gansert objected to any order that implied he agreed to vacate the property by July 31, 2025, representing to the trial court that the parties dismissed their claims against each other on July 3, 2025. The trial court stated on the record that it would review the transcript of the July 3rd hearing and that it would sign the judgment if the record showed the parties indeed agreed to Gansert's surrendering the property by July 31, 2025. The trial court signed the final agreed judgment later that day.

Gansert filed a motion for new trial and to set aside the judgment. Gansert also filed his notice of appeal. During the pendency of the appeal, Cable Ranch filed its response to Gansert's motion for new trial attaching a notice of abandoned dwelling indicating that Gansert vacated the property by September 2, 2025. Additionally, in a motion filed with this court, Gansert stated he vacated the apartment no later than August 18, 2025, attaching emails referring to his moving contract.

Because Gansert is no longer in possession of the apartment and does not raise any potentially meritorious claim of right to current, actual possession, we conclude Gansert's appeal is moot. *See id*. at 787

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See id*. at 790; *see also* TEX. R. APP. P. 42.3(a).

Irene Rios, Justice